**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| DEEPAK KOHLI | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:14CV00283  SWW |
| MAHESH INVESTMENTS OF | * | |
| LITTLE ROCK LLC and MAHESH | * | |
| PATEL | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

## ORDER

Deepak Kohli brings this Fair Labor Standards Act ("FLSA") action against

Mahesh Investments of Little Rock LLC ("Mahesh Investments") and Mahesh Patel

("Patel"), alleging that Defendants served as his employers and failed to pay him

minimum wage and overtime.  Before the Court is Kohli's motion for partial summary

judgment (ECF Nos. 6,7,8), Defendants' response in opposition (ECF No. 9), Kohli's

reply (ECF No. 20), and Defendants' surreply (ECF No. 11).  After careful consideration,

and for reasons that follow, Plaintiff's motion is granted in part and denied in part.

## I.

By sworn declaration,[1]  Kohli testifies that on or about December 25, 2012, Patel

---

[1]ECF No. 6-1 (Kohli Dec.).

personally hired him to work at the La Quinta Inn in Pine Bluff ("La Quinta")[2] and that Patel gave him the title "assistant general manager."  Kohli reports that he quit his job at La Quinta in September 2013, but in November 2013, Patel hired him to work at the Rodeway Inn and Suites in Little Rock ("Rodeway").  Kohli testifies that during his employment at La Quinta and Rodeway, he worked 14 to 16 hours everyday, seven days a week, and he was expected to live on site and remain on call at all times.  Kohli charges that Patel personally determined the amount of his wages and that Patel failed to pay him a  minimum wage and overtime.  Kohli also claims that Patel paid him in cash because he was concerned about Kohli's immigration status.

Kohli brings this action to recover unpaid wages, including overtime pay, from Patel and Mahesh Investments.  The FLSA requires employers to pay nonexempt employees a minimum hourly wage, which is currently set at $7.25.  *See* 29 U.S.C. § 206(a)(1).  The FLSA also requires employers to compensate nonexempt employees at the rate of one and one-half times their normal hourly rate for all hours worked in excess of a 40-hour week.  *See* U.S.C. § 207(a)(1).   The statute exempts certain employees from minimum wage and overtime protections, including "any employee employed in a bona fide executive, administrative, or professional capacity."  29 U.S.C. § 213(a)(1).

## II.

Kohli seeks partial summary judgment and asks the Court to make the following

---

[2]According to the parties' submissions, La Quinta is now operating under the name Pine Bluff Inn.

findings as a matter of law: (1) that Patel served as Kohli's employer during his employment at La Quinta and Rodeway, (2) that Kohli was a non-exempt employee during his employment at La Quinta and Rodeway, and (3) that Defendants are liable to Kohli for unpaid minimum wages and overtime.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The summary judgment inquiry depends on the substantive evidentiary standard of proof that would apply at the trial on the merits. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986). Accordingly, when the moving party bears the ultimate burden of persuasion at trial as to the claim or defense in question, the movant must support his summary judgment motion with evidence that would entitle him to a directed verdict if not controverted at trial. *See id.; see also Firemen's Fund Ins. Co. v. Thien,* 8 F.3d 1307, 1310 (8th Cir. 1993)(citing *Celotex Corp. v. Catrett*, 477 U .S. 317, 331, 106 S. Ct. at 2556 (1986)(Brennan, J., dissenting)). If the moving party meets his burden, the nonmoving party must show the existence of a genuine dispute as to a material fact. But if the moving party fails to meet this initial burden, the Court must deny summary judgment, regardless of the non-moving party's response.

## III.

### Employer Status

An "employer" subject to liability under the FLSA is defined as "any person acting

directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).   Under this broad definition, an employee may have multiple employers subject to FLSA liability, *see Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir.1983), and the economic realities of a working relationship control whether an entity or individual functions as a FLSA employer.  *See Blair v. Wills,*  420 F.3d 823, 829 (8th Cir. 2005)(citing *Goldberg v. Whitaker House Coop., Inc*., 366 U.S. 28, 33, 81 S.Ct. 933 (1961)).

It is undisputed that Patel has an ownership interest in entities that own La Quinta and Rodeway and that he is a member of co-defendant Mahesh Investments, which holds a franchise interest in Rodeway.  However, Patel testifies by affidavit that he has never been responsible for the day-to-day operations of La Quinta or Rodeway.[3]  Patel testifies that he and nonparty Rakesh Kothari ("Kothari"), the managing member of non-party U.S. Hotel Management LLC ("U.S."), entered an agreement under which U.S. provided general management services for La Quinta and Rodeway.  According to Patel, Kothari managed the hotels and billed Mahesh Investments for his services. Patel claims that Kothari and U.S. were solely responsible for hiring and terminating Kohli, yet Patel states that he terminated Kohli's employment in February 2014.

Kohli testifies that Patel personally supervised his work at La Quinta and Rodeway and that Patel communicated with him several times each week for the purpose of

---

[3]*See* ECF No. 9-2 (Patel Aff.).

4

directing his work.  In addition to his declaration, Kohli provides a copy of an email message that Patel sent him on January 17, 2014, when Kohli worked at Rodeway, regarding refrigerators available for purchase online.  Kohli also provides copies of police reports, dated February 25, 2014 and March 1, 2014, which identify Patel as the owner of La Quinta and Rodeway and state that he contacted police to report missing documents.

Patel's own testimony demonstrates that he qualifies as Kohli's employer under the FLSA.  In addition to having an ownership interest in the entities that owned La Quinta and Rodeway and hiring a company that provided management services for the hotels, Patel possessed and exercised the power to terminate Kohli's employment.  *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir.1993)(quoting *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194–95 (5th Cir.1983)(noting that the FLSA's definition of employer is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees.").   Considering the totality of the circumstances, the Court finds that Patel qualifies as an "employer" subject to FLSA liability in this case.

**Exemption**

The FLSA exempts certain employees from minimum wage and overtime protections, including "any employee employed in a bona fide executive, administrative, or professional capacity."  29 U.S.C. § 213(a)(1).  An employer bears the burden to demonstrate that employees were exempt from the FLSA's minimum wage and overtime

requirements, *see Fife v. Harmon*, 171 F.3d 1173, 1174 (8th Cir. 1999), and "[w]e protect

workers by narrowly construing exemptions to the FLSA's overtime requirements."

*Beauford v. ActionLink,* No. 13-3265, 2015 WL 1260453, 3 (8th Cir. March 20,

2015)(citing *Spinden v. GS Roofing Prods. Co*., 94 F.3d 421, 426 (8th Cir. 1996)).

In the answer, Defendants generally assert that Kohli "was exempt from the

minimum wage and overtime provisions of the [FLSA,]"[4] and in opposition to Kohli's

motion for partial summary judgment, Defendants argue that genuine issues for trial exist

as to whether Kohli qualifies for an administrative or an executive employee exemption.

"To determine whether an employee fits within a certain FLSA exemption, we

apply the appropriate [Department of Labor (DOL)] regulation." *Id*.   Under the

applicable regulations, both administrative and professional employees must be

compensated on a "salary basis"[5] at a rate of not less than $455 per week.[6]  Additionally,

---

[4]ECF No. 2 (Answer, ¶ 64).

[5]An employee may also qualify as an administrative or executive employee if he is compensated on a "fee basis" at a rate of not less than $455 per month.  FLSA regulations define "fee basis" as "an agreed sum for a single job regardless of the time required for its completion." 29 C.F.R. § 541.605(a).  None of the parties in this case contend that Kohli was paid on a "fee basis."

[6]In addition to salary requirements, to qualify for an exemption, an employee's "primary duty" must be the performance of exempt work.  For administrative employees, exempt work consists of office or non-manual work directly related to management or general business operations, and exempt work for executive employees consists of management of an enterprise. *See* 29 C.F.R. § 541.200(2)(administrative exemption), § 541.100(2)(executive exemption).

Here, Defendants fail to provide any evidence regarding Kohli's job dues.  Instead, they point to Kohli's testimony that Patel "gave" him the title of assistant general manager.  Contrary to Defendants' representation to the Court, Kohli *does not* testify that his primary duty at the hotels was acting as an assistant general manager.  *Compare* ECF No. 9-1 at 10 (Defendants'

the $455 a week requirement is met if the employee is compensated monthly on a "salary

basis of $1,971.66." 29 C.F.R. § 541.600(b).  An employee is paid on a  "salary basis" if

he regularly received a predetermined amount of pay, which constituted all or part of his

compensation, and was not subject to a reduction based on the quality or quantity of the

work he performed.  *See* 29 C.F.R. §  541.602(a).

Defendants acknowledge that Kohli claims that he was paid approximately $425

per week during the relevant time period,[7] but they point out that he is unable to produce

any records that document the amount of his pay.  According to Kohli, Patel paid him in

cash, thus he has no pay records.   Defendants, however, imply that payroll records once

existed and that Kohli either confiscated or destroyed them.   Patel claims that in 2014, he

discovered that "certain records" had been stolen or removed from La Quinta and

Rodeway, and Defendants charge that "the alleged perpetrators of this crime are the

former general manager and the Plaintiff."  ECF No. 9-1.  However, the record is void of

any evidence that Kohli confiscated or destroyed Defendants' business records.

Defendants shoulder the burden to show that Kohli was compensated on a "salary

Brief) *with* ECF No. 6-1 (Kohli Dec.).   Furthermore, Department of Labor regulations provide:
"A job title alone is insufficient to establish the exempt status of an employee."  29 C.F.R.
§ 541.2.

[7]Kohli testifies that he was paid a monthly salary at La Quinta and Rodeway and that the
pay he received had no correlation to the number of hours he worked.  *See* ECF No. 6-1 (Kohli
Dec.).   He reports that Patel paid him $2,400 the first month he worked at La Quinta, and after
that, between $1,500 and $1,700 per month.  Kohli testifies that he worked at Rodeway from
November 27, 2013 through March 7, 2014 and that Patel paid him $1,300 in December, $2,000
in January 2014, and $2,500 in February 2014.

basis" at the rate of not less than $455 per week or $1,971.66 per month.  The Court finds that Defendants' unsubstantiated charge regarding criminal conduct is wholly inadequate to withstand Kohli's motion for partial summary judgment.  According to Kohli's sworn testimony, his pay  varied month to month, and with the exception of one month, Patel paid him less than $455 per week or  $1,961.66 per month.  In sum, Defendants have failed to come forward with evidence creating a genuine issue of material fact as to whether Kohli was exempt from the FLSA's overtime and minimum wage protections, and the Court finds that Kohli is entitled to summary judgment on this issue.

### **Liability**

The Court has determined, as a matter of law, that Patel was Kohli's employer for FLSA purposes and that Kohli does not qualify as an exempt administrative or executive employee.  Additionally, Defendants have failed to controvert Kohli's testimony that he worked 14 to 16 hours every day during his employment at La Quinta and Rodeway and that he did not receive minimum wages or overtime required under the FLSA. Accordingly, the Court finds that Kohli is entitled to summary judgment as to Patel's liability for FLSA violations.  However, the Court is without sufficient information to conclude that Separate Defendant Mahesh Investments qualifies as Kohli's employer and therefore declines to grant summary judgment in Kohli's favor as to this separate defendant.

## **IV.**

For the reasons stated, Plaintiff's motion for partial summary judgment is

GRANTED IN PART AND DENIED IN PART as provided in this order.

IT IS SO ORDERED THIS 13th DAY OF APRIL, 2015.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE